UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES H. LEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12CV607 TCM |
| | ) | |
| CITY OF ST. LOUIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915.  Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee.  As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  An action is frivolous if it "lacks an arguable basis in either law or fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

## The Complaint

Plaintiff seeks monetary relief in this action against defendants City of St. Louis, Eugene L. Page (police officer), Steven Harmon (police officer), Fredrick Heagney (police officer); William C. Slovacek (police officer), Michael Roe (police officer), City of Moline Acres, Moline Acres Police Department, Carle Carson (police officer), and Anthony Carson . Plaintiff's allegations arise out of his allegedly illegal arrest on June 17, 2005.

Upon review, the Court notes that the instant complaint contains assertions that are identical to those plaintiff set forth in three previously-filed cases that this Court dismissed as legally frivolous and/or malicious under 28 U.S.C. § 1915(e)(2)(B). See Lee v. St. Louis City Police Department, No. 4:08CV573 TCM (E.D. Mo.); Lee v. City of St. Louis, No. 4:09CV618 TCM (E.D. Mo.); Lee v. City of St. Louis, 4:10CV844 TCM (E.D. Mo.). Moreover, the named defendants in the instant case are identical to those named in the two earlier cases. As such, the instant complaint will be dismissed as frivolous and malicious under § 1915(e)(2)(B). See Aziz v. Burrows, 976 F.2d 1158, 1158-59 (8th Cir. 1992); Van Meter v. Morgan, 518 F.2d 366, 368 (8th Cir. 1975);see also Cooper v. Delo, 997 F.2d 376, 377 (8th Cir. 1993) (noting that a § 1915(e) dismissal has res judicata effect on future in forma pauperis petitions).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous and malicious.  See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [Doc. #4] is **DENIED**.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 18th day of April, 2012.

>/s/Jean C. Hamilton
>JEAN C. HAMILTON
>UNITED STATES DISTRICT JUDGE